IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARMEIL SHAMBLEE,** | : | **CIVIL ACTION NO. 1:20-CV-1329** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CATRICIA HOWARD,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Harmeil Shamblee ("Shamblee") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his convictions entered in the United States District Court for the Eastern District of New York. (Doc. 1). For the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

**I.     Factual Background & Procedural History**

On March 30, 2004, Shamblee pled guilty to possession of a firearm by a convicted felon in the United States District Court for the Eastern District of New York. United States v. Shamblee, No. 03-CR-1286, Doc. 19 (E.D.N.Y.). On April 25, 2008, he was sentenced to a total of 120 months' imprisonment, to run concurrent to a sentence imposed in United States v. Shamblee, No. 04-CR-380 (E.D.N.Y.). Id., Doc. 27. Shamblee did not appeal.

On April 19, 2004, Shamblee was indicted in case number 04-CR-380. Shamblee, No. 04-CR-0380, Doc. 1. He was subsequently changed in a third superseding indictment with racketeering, engaging in a racketeering conspiracy, a

drug distribution conspiracy, a Hobbs Act robbery conspiracy, attempted murder, and a drive-by shooting. Id., Doc. 155. On September 17, 2007, Shamblee pled guilty to racketeering and allocuted to two racketeering acts: conspiring to murder police officers and distributing at least 50 grams of crack cocaine. Id., Doc. 201-2. On January 25, 2008, Shamblee again pled guilty to the racketeering count, due to a perceived issue with the allocution. Id., Doc. 208. The court subsequently determined that Shamblee was competent and accepted the guilty plea. Id., Doc. 201. On April 25, 2008, Shamblee was sentenced in case number 04-CR-380 to 240 months' imprisonment and 5 years of supervised release, to run concurrent to his 120-month sentence in case number 03-CR-1286. Id., Doc. 230.

On May 8, 2013, in case number 04-CR-0380, Shamblee filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c). Id., Doc. 313. On October 15, 2013, the sentencing court denied the motion because Shamblee's sentence was the result of plea agreement and not derived from the United States Sentencing Commission Guidelines. Id., Doc. 319. The sentencing court also found that, even if Shamblee were eligible for a § 3582(c)(2) reduction, he did not submit sufficient justification for upsetting the court's previous balancing of the factors outlined in 18 U.S.C. § 3553(a). Id., Doc. 319 at 3.

On February 5, 2016, in case number 04-CR-380, Shamblee filed a motion for recusal of the sentencing judge, and for resentencing pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010. Id., Doc. 341. On March 2, 2016, the sentencing court denied the motion. Id., Doc. 342.

On May 28, 2020, Shamblee filed a motion to reduce sentence and for immediate release pursuant to the First Step Act and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, in case number 04-CR-380. Id., Doc. 372. The motion remains pending before the sentencing court. See id.

Shamblee did not file any appeals regarding his conviction and sentence in case number 04-CR-380.

In the instant § 2241 petition, Shamblee alleges that the United States did not have the authority to enter his residential state "under force of arms" to enforce federal criminal statutes or to detain and convict him. (Doc. 1 at 9). He further contends that the indictments were not "legally drawn and presented to a proper court," his conviction was not based upon the supreme law of the land, and he was not tried "under any semblance of due process." (Id.) For relief, Shamblee seeks immediate release from custody. (Id. at 10). In response, respondent argues that the petition must be dismissed for lack of jurisdiction. (Doc. 7). The petition is ripe for resolution.

## II.   Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333,

343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); 28 U.S.C. § 2255(e)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

Shamblee's present claims fall within the purview of § 2255 because they challenge the validity of his sentences. Shamblee did not file an appeal regarding either of his sentences in the Eastern District of New York and never sought relief in the sentencing court pursuant to 28 U.S.C. § 2255. Shamblee can only bring a

4

challenge under § 2241 if it appears that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Shamblee has failed to meet this burden and he presents no reason as to why his present claims could not have been presented in a § 2255 motion. Shamblee's claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his convictions are no longer valid. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Because Shamblee failed to meet his burden of demonstrating that § 2255 is inadequate or ineffective to the challenge the legality of his detention, the § 2241 petition is subject to dismissal. The dismissal will be without prejudice to Shamblee's right to file a § 2255 motion in the sentencing court.

### III.   Conclusion

We will dismiss the petition for writ of habeas corpus for lack of jurisdiction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     October 25, 2021